UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE AMILCAR ANTONIO OLIVA and ANTONIO
DE JESUS ORTEZ OLIVA, on behalf of themselves,
FLSA Collective Plaintiffs and the Class Members

|  |  |
|---|---|
| Plaintiffs, | Docket No.: |
| -against- | **CLASS & COLLECTIVE ACTION COMPLAINT** |
| MARTEL LANDSCAPING, and RONALD MARTEL, | Jury Trial Demanded |
| Defendants, | |

-------------------------------------------------------------------X

Plaintiffs JOSE AMILCAR ORTEZ OLIVA ("JOSE") and ANTONIO DE JESUS ORTEZ OLIVA ("ANTONIO") (hereinafter, "Plaintiffs") on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, PERVEZ & REHMAN, P.C., file this Class and Collective Action Complaint against Defendants MARTEL LANDSCAPING ("MARTEL") and RONALD MARTEL ("RONALD") (collectively, the "Defendants"), and states as follows:

## **INTRODUCTION**

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. Seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (4)

failure to issue wage statements; (5) failure to issue wage notices; (6) liquidated damages; (7) prejudgment and post-judgment interest; and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.  Plaintiff JOSE is a resident of Suffolk County, New York.

6.  Plaintiff ANTONIO is a resident of Suffolk County, New York.

7.  Defendant, MARTEL LANDSCAPING is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 31 Columbine Ave North, Hampton Bays, NY 11946.

8.  Upon information and belief, Defendant, RONALD   is the owner and officer, director, shareholder, manager, and proprietor of MARTEL   and actively participated and continues to actively participate in the day-to-day operations of MARTEL, and acted intentionally and maliciously and is employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with MARTEL.

9.  At all relevant times, MARTEL was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged

in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

10. Defendants employed Plaintiff, JOSE, in Suffolk County, New York, to work as a landscaper for Defendants' business beginning in or around 2007 through early 2016.

11. Defendants employed Plaintiff, ANTONIO, in Suffolk County, New York, to work as a landscaper for Defendants' business beginning in or around April 2007 through December 2014.

12. The work performed by Plaintiffs were directly essential to the business operated by Defendants.

13. Defendants knowingly and willfully failed to pay Plaintiffs minimum wage and their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

14. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

15. Defendants knowingly and willfully failed to provide wage notices and wage statements to Plaintiffs.

16. Plaintiffs' have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

17. Throughout all times relevant to this action, Defendants hired employees to work as landscapers to participate in the day-to-day operation of Defendants.

18. Defendants employed Plaintiff JOSE in Suffolk County, New York, to work as a landscaper for Defendants' business beginning in or around 2007 through early January 2016.

19. Plaintiff JOSE's duties as landscaper included, but were not limited to, mowing and cutting lawn, trimming and edging around walks, flower beds, and walls, trimming shrubs and pulling weeds, cutting branches, leaf blowing, cleaning up trash.

20. During the entirety of Plaintiff JOSE's employment, Plaintiff JOSE worked in excess of forty (40) hours per week and up to fifty-eight (58) hours per week.

21. Throughout most of his employment, JOSE worked as a landscaper for five (5) to seven (7) days per week, from seven (7) a.m. to six-thirty (6:30) p.m.

22. In 2011, Plaintiff JOSE was paid about between $13-14 an hour straight time for all hours worked. In 2012, Plaintiff JOSE was paid $16 an hour, straight time for all hours worked. In 2013, Plaintiff JOSE was paid $19 an hour, straight time for all hours worked. In 2014 and 2015, Plaintiff JOSE was paid $20 an hour straight time for all hours worked.

23. Defendants employed Plaintiff ANTONIO in Suffolk County, New York, to work as a landscaper for Defendant's business beginning in or around April 2007 through December 2014.

24. Plaintiff ANTONIO's duties as landscaper included, but were not limited to, trimming and edging around walks, flower beds, and walls, trimming shrubs and pulling weeds, cutting branches, leaf blowing, cleaning up trash.

25. During the course of Plaintiff ANTONIO's employment by Defendants, ANTONIO worked up to fifty-four (54) hours per week.

26. Throughout ANTONIO's employment, he usually worked from Monday through Saturday from seven (7) a.m. to four (4) p.m., and on occasion until five (5) or six (6) p.m.

27. During all relevant times, Plaintiff ANTONIO was paid $18 an hour, straight time for all hours worked.

28. During the entirety of Plaintiffs employment, Jose and Antonio were not paid overtime compensation. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29. Additionally, Plaintiffs were not paid regular wages on time and at times were not paid wages at all. Defendants withheld wages and would promise to pay at a later date but fail to fulfil its obligations.

30. During and after their employment, Plaintiffs called Defendant RONALD and attempted to obtain their unpaid wages, however, Defendant RONALD would not answer their calls.

31. Defendants failed to pay Antonio at least $5000.00 in wages, not including overtime.

32. Plaintiffs, and those similarly situated, were not required or instructed to clock in or clock out.

33. Moreover, Defendants did not comply with the NYLL's wage statement and wage notice provisions. Defendants did not issue wage notices to employees as required by law or wage statements. MARTEL is liable for damages for each employee pursuant to NYLL § 195 & § 198.

34. Due to Defendants' violation of NYLL § 195, for each workweek that Defendants failed to provide proper wage notice from April 9, 2011 through February 26, 2015, Plaintiffs are

entitled to damages of $50, or a total maximum of $2,500, as provided for by NYLL § 198, reasonable attorneys fees, costs, injunctive and declaratory relief.

35. Due to Defendant's violation of NYLL § 195, for each workweek that Defendants failed to provide proper wage notice from February 26, 2015 through present, Plaintiffs are entitled to damages of $50, or a total maximum of $5000, as provided for by NYLL § 198, reasonable attorneys fees, costs, injunctive and declaratory relief.

36. Defendants failed to supply Defendants with an accurate statement of wages as required by NYLL § 195, containing dates of work covered by that payment of wages, name of employee, name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

37. Due to Defendant's violation of NYLL § 195, for each workweek that Defendants failed to provide proper wage statement from April 9, 2011 through February 26, 2015, Plaintiffs are entitled to damages of $50, or a total maximum of $2,500, as provided for by NYLL § 198, reasonable attorneys fees, costs, injunctive and declaratory relief.

38. Due to Defendant's violation of NYLL § 195, for each workweek that Defendants failed to provide proper wage notice from February 26, 2015 through present, Plaintiffs are entitled to damages of $250, or a total maximum of $5000, as provided for by NYLL § 198, reasonable attorneys fees, costs, injunctive and declaratory relief.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs bring this action individually and as Plaintiff JOSE as class representative on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since December 11, 2011 to the entry of judgment in this case   (the   "Collective Action Period"), and who failed to receive minimum wages or overtime compensation at the rate of time and one-half for all hours worked in excess of forty (40) per week (the "Collective Action Members").

40. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

41. Plaintiff JOSE will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff JOSE has no interests that are contrary to or in conflict with those members of this collective action.

42. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications

with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

43. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

44. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

45. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a.    Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

    b.    Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether the Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages in violation of the FLSA;

e.   Whether the Defendants unlawfully failed to pay Plaintiffs and the Collective Action Members overtime compensation at the statutory rate of time and one-half for all hours worked in excess of forty (40) per week in violation of the FLSA;

f.   Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

46. Plaintiffs know of no difficulty that will be encountered in management of this litigation that would preclude its maintenance as a collective action.

47. Plaintiffs and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

48. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

49. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under FRCP 23.

50. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

51. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

52. Plaintiff JOSE is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class' action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interest will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications. With respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members', rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this as a class action.

54. Defendants and other employees throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

55. There are questions of law and feet common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendant did not pay the Class members properly;

   c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class Members for their works;

   d. Whether Defendants provided Plaintiffs and the Class with a spread time premium as required by NYLL; and

   e. Whether Defendants properly notified Plaintiffs and the Class Members of their hourly rate and overtime rate.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

56. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "55" of this Complaint as if fully set forth herein.

57. At all relevant times, upon information and belief, Defendants is and continues to be an employer engaged in interstate commerce and/or the production of goods for

commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

59. At all relevant times, Defendant MARTEL had gross revenues excess of $500,000.

60. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

61. Plaintiffs were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

62. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

63. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. §§ 207(a)(l) and 215(a). Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime compensation would

financially injure Plaintiffs.

64. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs, the Defendants has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.,* including 29 U.S.C. §§ 21 l (c) and 215(a).

65. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

66. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs is entitled to liquidated damages pursuant to the FLSA.

67. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages consisting of unpaid minimum wages, overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

68. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

69. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70. At all relevant times, Defendants employed Plaintiffs within the meaning of New

York Labor Law §§ 2 and 651.

71. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wage in the lawful amount for hours worked.

72. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

73. Defendants knowingly and willfully violated Plaintiffs, Collective Plaintiffs and Class Members rights by failing to pay Plaintiffs "spread of hours" premium for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations § 142.2-4.

74. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

75. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

76. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid wages, unpaid overtime compensation, unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours, failure to issue wage statements, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

77. Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELEIF

**WHEREFORE,** Plaintiffs, JOSE and ANTONIO, on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Designation of Plaintiff JOSE as Representative of the FLSA Collective Plaintiffs and Class Members;

(c)    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States, FLSA and New York State laws;

(d)    All damages that Plaintiffs and FLSA Plaintiffs have sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the

law that Plaintiffs and FLSA Plaintiffs would have received but for the Defendant's unlawful payment practices including unpaid wage, minimum wage, overtime wage, spread of hours compensation, failure to issue pay notices and pay statements among those alleged herein;

(e)    Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

(f)    Awarding Plaintiffs and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs, and an award of a service payment to Plaintiffs;

(g)    Pre-judgment and post-judgment interest, as provided by law;

(h)    Costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i)    Granting Plaintiffs and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury on all issues.

Dated:       December 11, 2017
                Melville, New York

By: _____/s/_____

    Aneeba Rehman
    Nadia M. Pervez
    *Attorneys for Plaintiffs*
    Pervez & Rehman, P.C.
    68 South Service Road
    Suite 100
    Melville, NY 11747
    (631) 427-0700
    arehman@pervezrehman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSE AMILCAR ORTEZ OLIVA and ANTONIO
DE JESUS ORTEZ OLIVA, on behalf of themselves,
FLSA Collective Plaintiffs and the Class Members

                          Plaintiffs,

            -against-                                    **VERIFICATION**

MARTEL LANDSCAPING, and
RONALD MARTEL,

                          Defendants,

-------------------------------------------------------------X

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF SUFFOLK          )

I, Jose Amilcar Ortez Oliva, am a Plaintiff in the within action for. I have read the foregoing
Complaint and know the contents thereof. The contents are true to my own knowledge except as
to matters therein stated to be alleged upon information and belief, and as to those matters I
believe them to be true.

                                              X _____
                                                Jose Amilcar Ortez Oliva

Sworn to before me on this 31st day
of OCTOBER , 2017.

_____
          Notary Public

M. MENDEZ
Notary Public - California
Los Angeles County
Commission # 2156837
My Comm. Expires Jul 14, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE AMILCAR ORTEZ OLIVA and ANTONIO
DE JESUS ORTEZ OLIVA, on behalf of themselves,
FLSA Collective Plaintiffs and the Class Members

                              Plaintiffs,

              -against-                                 **VERIFICATION**

MARTEL LANDSCAPING, and
RONALD MARTEL,
                               Defendants,

-------------------------------------------------------------------X

STATE OF NEW YORK     )
                            ss.:
COUNTY OF SUFFOLK    )

I, Antonio De Jesus Ortez Oliva, am a Plaintiff in the within action for. I have read the foregoing Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
Antonio De Jesus Ortez Oliva

Sworn to before me on this 3rd day
of November, 2017.

_____
Notary Public

Sirilo R. Aquino
Notary Public, State of New York
No: 01AQ6171787
Qualified in Suffolk County
Commission Expires 7/30/2019

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, Jose Amilcar Ortez Oliva, am an employee formerly employed by Martel Landscaping. I consent to be a plaintiff in the above captioned action to collect unpaid minimum wages and overtime pay.

Dated: Melville, New York

September ___, 2017

*October 31*

X _____
Jose Amilcar Ortez Oliva

Sworn to before me on this *31st* day of *October*, 2017.

_____
Notary Public

M. MENDEZ
Notary Public - California
Los Angeles County
Commission # 2156837
My Comm. Expires Jul 14, 2020

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, Antonio De Jesus Ortez Oliva, am an employee formerly employed by Martel Landscaping. I consent to be a plaintiff in the above captioned action to collect unpaid minimum wages and overtime pay.

Dated: Melville, New York

November 18, 2017

_____
Antonio De Jesus Ortez Oliva

Sworn to before me on this 18th day
of November, 2017.

_____
Notary Public

URSULA RODRIGUEZ
Notary Public, State of New York
No. 01RO6276375
Qualified in Suffolk County
Commission Expires 02/19/2021